UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
HERBERT APONTE,

                        Petitioner,

        -against-

MICHAEL HORN, ASST. DISTRICT
ATTORNEY OF QUEENS COUNTY,

                      Respondent.
----------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
**AND ORDER TO SHOW CAUSE**

16-CV-2510 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

        On May 11, 2016, petitioner, a Queens resident[1]

---

[1] Petitioner has provided the same address for all of his actions filed since 2006 including this one: 34-20 24 Street, Queens (or Long Island City), NY 11106. Periodically, documents mailed to petitioner have been returned to the court as undeliverable, marked with the postal notation "Return to Sender-Attempted-Not Known-Unable to Forward" (see, e.g., *Aponte v. Horn*, No. 16-CV-1075, ECF Nos. 6 & 8), or "Return to Sender, Vacant, Unable to Forward." (*Id.*, ECF No. 7.) Given the apparent consistency of petitioner's address, the return of the documents is concerning. Petitioner is reminded that it is his responsibility to keep the court informed of his current address. If he has a more reliable address, he should provide it to the court.

If plaintiff fails to provide a current address or contact information, the court may dismiss his action. All plaintiffs are obligated to notify the court when their address changes. *See Concepcion v. Ross*, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997). This obligation applies to *pro se* litigants as well as represented parties. *See id.; see also Handlin v. Garvey*, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of one's current address is "an obligation that rests with all *pro se* plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address, the court may dismiss the litigant's claims when the court is unable to contact the *pro se* party about the litigation. *See, e.g., Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him); *Canario-*

proceeding *pro se*, filed this habeas petition under 28 U.S.C. § 2254, seeking to challenge - for the seventh time - the judgment of conviction entered against him on March 8, 2006 in Queens County. For the reasons set forth below, the petition is dismissed[2] and petitioner is ORDERED TO SHOW CAUSE why he should not be barred from filing any new habeas petitions challenging HIS March 8, 2006 conviction without first obtaining the court's permission to do so.

## DISCUSSION

On March 8, 2006, petitioner was convicted in Queens County Criminal Court of Attempted Stalking in the Third Degree, N.Y. Penal Law §§ 110.00 & 120.50(3), and Harassment in the First Degree, N.Y. Penal Law § 240.25 (the "3/8/06 conviction"). Petitioner has previously brought before this Court six *pro se* applications for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("§ 2254"), challenging this same 3/8/06 conviction. *See*

---

*Duran v. Borecky*, No. 10-CV-1736, 2011 WL 176745, at *1-2 (E.D.N.Y. Jan. 19, 2011) (dismissing a *pro se* litigant's action because plaintiff took no action after filing complaint and failed to provide the court with a current address).

[2] The court notes that petitioner did not sign his submission, nor did he comply with the court's filing fee requirement by paying the $5 fee or submitting a request to proceed *in forma pauperis*. Generally, the court would not consider the case until these filing deficiencies were remedied. However, given petitioner's litigation history and the interest in limiting the use of the court's resources spent on petitioner's frivolous submissions, the court dismisses the instant action with these deficiencies extant.

*Aponte v. Brown*, No. 09-CV-4334, 2011 WL 797406, at *2 (E.D.N.Y Feb. 28, 2011); *Aponte v. Modica (Judge) of Queens County Criminal Courthouse, N.Y.*, No. 13-CV-5149, ECF Nos. 7-8; *Aponte v. The People of the State of New York et al.*, No. 14-CV-2550, ECF Nos. 8-9; *Aponte v. Michael Horn, Asst. District Attorney of Queens County*, No. 15-CV-2201, ECF Nos. 6-7; *Aponte v. Michael Horn, Asst. District Attorney of Queens County,* No. 16-CV-535, ECF Nos. 6-7; *Aponte v. Michael Horn, Asst. District Attorney of Queens County*, No. 16-CV-1075, ECF Nos. 4-5.

The instant § 2254 habeas petition attacks the same 3/8/06 conviction that petitioner challenged in the six aforementioned actions. In each of the six prior actions, the court dismissed the petition because petitioner was not "in custody" within the meaning of § 2254. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). As noted in the dismissals of petitioner's prior habeas petitions, his one-year term of probation for the underlying criminal conviction terminated on June 22, 2007. *See, e.g.*, *Aponte v. Brown*, 2011 WL 797406, at *2. Because petitioner is not "in custody" on the basis of the challenged criminal conviction, the court is without jurisdiction to hear this petition and it is dismissed.

## **FILING INJUNCTION**

The court assumes familiarity with petitioner's

litigation history, which was set forth in the court's March 1, 2016 dismissal order. Petitioner's six prior petitions have been dismissed by this Court. The last dismissal included a warning that a filing injunction may be entered if petitioner continued to file "repetitious, facially unmeritorious submissions." *Aponte v. Horn*, Nos. 15-CV-2201, 16-CV-535, 16-CV-1075, at 6.

In *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam), the Second Circuit upheld the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *See also Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009); *Williams v. New York City Hous. Auth.*, No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). It is, however, the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

In light of petitioner's litigation history and his apparent unwillingness to heed the warning of this court, he is ORDERED TO SHOW CAUSE in writing by affirmation, within twenty

4

days of the date of this order, why he should not be barred from filing *any* further habeas petitions in this Court challenging the 3/8/06 conviction without first obtaining permission from this Court to file his petition. Should petitioner fail to submit his affirmation within the time directed, or should petitioner's affirmation fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further habeas petitions in this Court challenging the 3/8/06 conviction without first obtaining permission to do so.[3]

## **CONCLUSION**

Accordingly, the petition is dismissed. In addition, petitioner is ORDERED TO SHOW CAUSE, within twenty (20) days from the date of this order, why he should not be barred from filing *any* habeas petition challenging the 3/8/06 conviction without first obtaining the court's permission to do so. All future proceedings shall be stayed for twenty days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

---

[3] The court also takes judicial notice of petitioner's similar filings in the United States District Court for the Middle District of Pennsylvania challenging a different conviction in Pennsylvania state court. *See Aponte v. Zucick*, No. 15-CV-01154, 2015 WL 6599758, at *2 (M.D. Pa. Oct. 29, 2015); *Aponte v. Commonwealth of Pa.*, No. 10-CV-1993, 2010 WL 4386468, at *2 (M.D. Pa. Oct. 29, 2010) ("Since Petitioner has indicated that a one-year sentence was imposed in 2007, and that he has already served his sentence and been released, Petitioner is no longer in custody and therefore cannot be granted relief via a habeas corpus petition."); *Aponte v. Pennsylvania*, No. 09-CV-1713, 2010 WL 2044629, at *3 (M.D. Pa. May 20, 2010).

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    May 24, 2016
            Brooklyn, New York

                                        _____/s/_____
                                        **KIYO A. MATSUMOTO**
                                        United States District Judge
                                        Eastern District of New York