UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X
HERBERT APONTE,
          Petitioner

                                 **NOT FOR PUBLICATION**
      -against-                  **FILING INJUNCTION ORDER**
                                  16-CV-2510 (KAM)(LB)

MICHAEL HORN, ASST. DISTRICT
ATTORNEY OF QUEENS COUNTY,
          Respondent.
--------------------------------X
**MATSUMOTO, United States District Judge:**

      On May 11, 2016, petitioner Herbert Aponte, proceeding *pro se*, filed this habeas petition under 28 U.S.C. § 2254, seeking to challenge – for the seventh time – the judgment of conviction entered against him on March 8, 2006 in Queens County. By Memorandum and Order dated May 24, 2016, the court dismissed the petition because petitioner was not "in custody" within the meaning of 28 U.S.C. § 2254. The court also directed petitioner to show cause why he should not be barred from filing any new habeas petitions challenging the March 8, 2006 conviction without first obtaining the court's permission to do so.

<u>**DISCUSSION**</u>

      On March 8, 2006, petitioner was convicted in Queens County Criminal Court of Attempted Stalking in the Third Degree, N.Y. Penal Law §§ 110.00 & 120.50(3), and Harassment in the First Degree, N.Y. Penal Law § 240.25 (the "3/8/06 conviction").

Including the instant petition, petitioner has now filed a total of seven *pro se* petitions in seven separate actions in this court seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("§ 2254"), challenging the same 3/8/06 conviction. The six applications preceding the instant one were:

- *Aponte v. Brown*, No. 09-CV-4334, 2011 WL 797406, at *2 (E.D.N.Y Feb. 28, 2011);

- *Aponte v. Modica (Judge) of Queens County Criminal Courthouse, N.Y.*, No. 13-CV-5149, ECF Nos. 7-8;

- *Aponte v. The People of the State of New York et al.*, No. 14-CV-2550, ECF Nos. 8-9;

- *Aponte v. Michael Horn, Asst. District Attorney of Queens County,* No. 15-CV-2201, ECF Nos. 6-7;

- *Aponte v. Michael Horn, Asst. District Attorney of Queens County,* No. 16-CV-535, ECF Nos. 6-7; and

- *Aponte v. Michael Horn, Asst. District Attorney of Queens County,* No. 16-CV-1075, ECF Nos. 4-5.

In each of the seven actions, the court dismissed the petition because petitioner was not "in custody" pursuant to the 3/8/06 conviction. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in

behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added)); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). As noted in the dismissals of petitioner's prior habeas petitions, his one-year term of probation for the 3/8/06 conviction terminated on June 22, 2007. *See, e.g.*, *Aponte v. Brown*, 2011 WL 797406, at *2. Because petitioner is not "in custody" on the basis of the challenged criminal conviction, the court is without jurisdiction to hear a petition challenging the 3/8/06 conviction.

## FILING INJUNCTION

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). A filing injunction is permissible when a litigant "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive appeals and other proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981); *see also*

*Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009). As long as a litigant is provided with notice and an opportunity to be heard, a filing injunction may be imposed. *See Lau*, 229 F.3d at 123.

Petitioner's persistent and vexatious habeas challenges of the 3/8/06 conviction led the court to warn him that a filing injunction may be entered if he continued to challenge the same 3/8/06 conviction via a § 2254 petition. *See Aponte v. Horn*, 15-CV-2201, ECF No. 6 ("[T]he court may direct petitioner to show cause why an order barring the acceptance of any future *in forma pauperis* submissions for filing in this court without first obtaining leave of the Court should not be entered."); 16-CV-535, ECF No. 6 (same); 16-CV-1075, ECF No. 4 (same). Finally, on May 24, 2016, the court directed petitioner to show cause why he should not be barred from any further habeas corpus challenges to the 3/8/06 conviction. (*See* ECF No. 4 ("[P]etitioner is ORDERED TO SHOW CAUSE why he should not be barred from filing any new habeas petitions challenging his March 8, 2006 conviction without first obtaining the court's permission to do so.").)

On June 16, 2016, petitioner filed a response to the court's order to show cause[1] which consists of his own "order to

---

[1] Although the dockets of the various petitions reflect that petitioner occasionally did not receive orders issued by the court,

4

show cause" challenging the same 3/6/06 conviction and resubmitting the habeas corpus petition filed in this case, which the court has already dismissed for lack of jurisdiction. (*See* ECF No. 8, Unsigned Order to Show Cause.) Petitioner provides no basis for the court to reconsider its decision dismissing the petition for lack of jurisdiction. Further, he provides no reason why he should not be barred from filing further habeas petitions challenging his 3/8/06 conviction.

Accordingly, **petitioner is hereby barred from filing *any* further habeas petitions in this court challenging his 3/08/06 conviction without first obtaining permission from this court to file his petition**. *See Persaud v. United States*, No. 04-CV-2862, 2010 WL 1437927, at *5 (E.D.N.Y. Apr. 8, 2010) (permanently enjoining habeas petitioner "from filing any future motion, petition, or other document in this Court related to his 2002 conviction, without prior authorization of the Court, except for a notice of appeal").

---

his response to the May 24, 2016 order to show cause establishes that he did have notice that the court intended to issue a filing injunction.

## CONCLUSION

The Clerk of Court is directed to return to petitioner, without filing, any new petition challenging the 3/8/06 conviction if it is received **without** a separate application seeking permission for leave to file. If petitioner seeks leave to file and the court finds that the new petition is not subject to this filing injunction, the court shall grant petitioner leave to file the new petition and the civil action shall be filed and assigned a civil docket number. If leave to file is denied, petitioner's submission shall be filed on the court's miscellaneous docket and a summary order denying leave to file shall be entered. The petition will be dismissed and the case closed. No further action will be taken. Nothing in this order shall be construed to prohibit petitioner from filing an appeal of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this order on the petitioner at his last known address and note service on the docket.

**SO ORDERED.**

Dated:      July 12, 2016
            Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York